IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS RODRIGUEZ,

      Plaintiff,

vs.                                                                      No. CIV 22-0772 JB/KBM

CURRY COUNTY DETENTION CENTER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Chris Rodriguez's failure to prosecute his Letter-Complaint Regarding Conditions of Confinement, filed October 17, 2022 (Doc. 1)("Letter-Complaint"). The Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Rodriguez to file a civil complaint on the proper form and address the civil filing fee. See Order to Cure Deficiencies, filed November 3, 2022 (Doc. 3)("Cure Order"). Because Rodriguez has not complied with the Cure Order, the Court, having reviewed applicable law and the record, will dismiss the Letter-Complaint without prejudice.

## BACKGROUND

Rodriguez was detained at the Curry County Detention Center. See Letter-Complaint at 2. He initiated this case on October 17, 2022, by filing the handwritten Letter-Complaint. See Letter-Complaint at 1. The Letter-Complaint alleges that a fellow inmate attacked Rodriguez, resulting in Rodriguez suffering a broken nose and two black eyes. See Letter-Complaint at 1. The Court referred the matter to Magistrate Judge Molzen for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner

Cases, filed November 2, 2022 (Doc. 2).  Magistrate Judge Molzen entered the Cure Order on November 3, 2022.  See Cure Order at 1.  The Cure Order explains:

> The Letter[-Complaint] includes some factual allegations, but it does not identify defendants or raise any causes of action.  The Clerk's Office will mail Plaintiff a blank civil rights complaint along with a blank in forma pauperis motion.  Plaintiff must return the completed civil rights complaint within thirty (30) days of entry of this Order.  By the same deadline, Plaintiff must also prepay the $402 filing fee or, alternatively, file a motion to proceed in forma pauperis along with an inmate account statement reflecting transitions for a six-month period.

Cure Order at 1.  The Cure Order warns that the failure to comply timely with both directives will result in dismissal of this case without further notice.  See Cure Order at 1.

The deadline to file a civil rights complaint on the proper form and address the civil filing fee was December 3, 2022.  See Cure Order at 1-2.  Rodriguez has not complied, shown cause for his noncompliance with the Cure Order, or otherwise responded to the Cure Order.  The Court will analyze whether to dismiss this case for failure to prosecute and to comply with Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been

interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr., 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr., 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

Here, Rodriguez has not filed a pleading on the proper form or addressed the civil filing fee, as 28 U.S.C. § 1915(a) and the Cure Order require. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.

**IT IS ORDERED** that: (i) Plaintiff's Letter-Complaint Regarding Conditions of

Confinement, filed October 17, 2022 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Chris Rodriguez
Clovis, New Mexico

    *Plaintiff Pro Se*